# JAMES T. RALEIGH *et al.*

*v.*

# THOMAS RALEIGH.

1. SET-OFF—*in equity.* Courts of equity will not enforce a set-off not allowed by law, unless the party seeking it can show some equitable ground for being protected against his adversary's demand. The mere existence of cross-demands is not sufficient.

2. The insolvency of the party against whom the set-off is claimed is a ground for the exercise of equitable jurisdiction.

3. So where there has been a mutual credit given by each upon the footing of the debt of the other, so that a just presumption arises that the one is understood by the parties to go in liquidation or set-off of the other.

4. It is not necessary to show a distinct agreement that the one demand shall be applied in liquidation or in set-off of the other, in order to establish a mutual credit between the parties. It is sufficient to show that the credit was given under circumstances warranting the conclusion that the parties acted upon the understanding that such application was to be made.

5. In this case a note was given by two copartners, who afterwards dissolved their copartnership, one of them taking the assets and agreeing to pay the debts. The holder of this note knew of the arrangement and from that time treated the partner who was to pay the debts as his sole debtor. At the time the note was given the payee was indebted to this partner for board, and after the dissolution continued to board with him, and from time to time promised to bring the note and make a settlement of it and the account; and the note was not finally presented for payment for more than two years after it was due. And, moreover, it was understood between the parties that the one debt should be applied in satisfaction of the other. These facts established an equitable ground for a set-off of the account against the note.

APPEAL from the Superior Court of Chicago.

This was a suit in chancery, instituted in the court below, by James T. Raleigh and Abram Heartt against Thomas Raleigh, to enjoin a suit at law brought by the defendant against the complainants, and to enforce an alleged equitable set-off. The question presented is, whether the facts as alleged in the bill, are sufficient to establish a set-off in equity. Those facts are presented in the opinion of the court. A general

demurrer to the bill was sustained, and the bill dismissed. The complainants appealed to this court.

Mr. A. GARRISON, for the appellants.

Messrs. LULL & ATWOOD, for the appellee.

Mr. JUSTICE BECKWITH delivered the opinion of the Court:

This is a suit in equity to enforce an alleged equitable set-off. The bill alleges that on the 9th day of February, 1860, the appellants as copartners, executed their promissory note to the appellee for $318.38, payable on the 1st day of May then next; that in January, 1861, the copartnership between the appellants was dissolved, and the appellant Raleigh received the assets, and undertook to pay the debts of the firm. That the appellee had knowledge of the arrangement, and thereafter treated the appellant Raleigh, as his sole debtor, making no claim whatever against the appellant Heartt. The bill further alleges that when the note was given, the appellee was indebted to the appellant Raleigh for board, &c.; and that the appellee thereafter continued to board with the appellant Raleigh, and to become indebted therefor, until 1st of January, 1863. That the debt which the appellee had incurred when the note was given (and continued to increase thereafter), was understood by himself and the appellant Raleigh as so much payment on the note, although there was no distinct agreement to that effect; and that on several occasions in the year 1862, the appellee promised to bring his note to the appellant Raleigh, and make a settlement between them. There was a general demurrer to the bill. Courts of equity will not enforce a set-off not allowed by law unless the party seeking it can show some equitable ground for being protected against his adversary's demand. The mere existence of cross-demands is not suffcient. *Rawson* v. *Samuel,* 1 Craig & Phil. 161; *Dodd* v. *Lydall,* 1 Hare, 337; *Gordon* v. *Pyne,* 3 id. 223; *Dade* v. *Irwin's Ex'r,* 3 How. 338; 2 Story's Eq. § 1436.

33—35TH ILL.

The insolvency of the party against whom the set-off is claimed is a ground for the exercise of equitable jurisdiction. *Gay* v. *Gay*, 10 Paige, 376.

" So where there has been a mutual credit given by each "upon the footing of the debt of the other so that a just "presumption arises that the one is understood by the parties "to go in liquidation or set-off of the other. 3 How. 383; 2 Story's Eq. § 1436; *Green* v. *Darling*, 5 Mason, 212.

It is not necessary to show a distinct agreement that the one demand shall be applied in liquidation or in set-off of the other, in order to establish a mutual credit between the parties. It is sufficient to show that the credit was given under circumstances warranting the conclusion that the parties acted upon the understanding that such application was to be made. In the case under consideration, it is alleged that the note was not presented for payment when it became due nor for more than two years thereafter; and that in the meantime the appellee was daily becoming indebted to the appellant Raleigh on account, and from time to time promised to bring the note and make a settlement of it and of the account. It is further alleged that it was, in fact, understood between the parties that the one debt should be applied in satisfaction of the other. If these facts are true (and they are admitted by the demurrer) the court is of the opinion that they established an equitable ground for protection against the appellee's demand.

The demurrer should have been overruled.

*Decree reversed.*