PRATT *v.* CORNS.

1. EQUITY—SET-OFF—EQUITY FOLLOWS LAW.
   Courts of equity follow the law, and will not allow set-off in cases where the law will not, unless there be special equities growing out of the transaction itself requiring it.

2. SAME—LIMITATION OF ACTIONS.
   One who has let his legal remedy be outlawed cannot obtain relief in equity.

3. SAME—INJUNCTION—JUDGMENT—RELIEF AGAINST JUDGMENT AT LAW—FRAUD.
   Where defendant (plaintiff in this suit), in an action against him by the administratrix of an estate on notes given by him to deceased, claimed to have delivered sufficient produce and money to pay same, but, instead of pleading payment in full, gave notice of set-off only which he later voluntarily withdrew and presented his claims therefor to the commissioners on claims who disallowed them and an appeal therefrom is now pending, and defendant's claims, treating them as independent transactions, were outlawed before the death of decedent, and defendant did nothing to press his claims but slept upon his rights, equity will not restrain the enforcement of a judgment in said action, in the absence of a showing of any fraud or deceit practiced against him.

Appeal from Genesee; Brennan (Fred W.), J. Submitted May 3, 1921. (Docket No. 95.) Decided June 6, 1921.

Bill by William Pratt against Edna M. Corns, administratrix of the estate of Fred Judson, deceased, to enjoin the enforcement of a judgment. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*McFarlan & Wilson,* for plaintiff.

*Carton, Roberts & Stewart,* for defendant.

STONE, J. The following cogent facts appear in plaintiff's statement of facts, and in the record: In 1909 the plaintiff was a farmer. Fred Judson and his brother, George Judson, were copartners in the produce business. In 1907 the plaintiff borrowed money from Fred Judson and gave him three promissory notes as follows: One note was dated July 24, 1909, was for $40, due 60 days after date with interest at 6 per cent. Indorsed on the back of this note was the following: "September 23, 1913. Received $50 on the within for interest." The second note was dated October 28, 1909, was for $600, due six months after date with interest at 6 per cent. On the back of this note was indorsed the following: "September 23, 1913. Received $26.91 on the within to apply on interest." The third note was dated November 8, 1909, was for $75, due 30 days after date with interest at 6 per cent. On the back of this note was indorsed the following: "September 23, 1913. Received $25 on the within for interest."

Pratt, from 1910 to 1912, delivered produce and property to Judson, or Judson Brothers, and also gave a check for $350 to apply on notes. It is the claim that the total so paid amounted to $821.88. None of the proceeds of the produce and property, or check, was indorsed upon the notes. Fred Judson died June 4, 1917. His widow, then Edna Melissa Judson, now Edna Melissa Corns, was appointed administratrix of the estate of the said Judson, deceased. The administratrix sued Pratt on the notes in the circuit court for the county of Genesee in November, 1917. Pratt appeared and pleaded the general issue with notice of a set-off, and the statute of limitations, and filed a bill of particulars as follows:

```
1910, March 8, Sheep to Judson.................$174.30
1910, May 19, Check to Judson.................. 350.00
```

1911, April 29, Hay to Judson.................. $82.30
1912, July 1, Wool to Judson.................... 215.28
                                              ─────────
                                    Total $821.88

It will be noted that all of the above items except the last (considered separately from the notes) were outlawed before Judson's death, which, as we have said, occurred on June 4, 1917.

The trial occurred on May 6, 1919. It appears that on the trial attention was called to the case of *Quinn* v. *McGovern*, 97 Mich. 114, wherein it was held that in a suit brought by an administrator to recover a debt due the estate, the defendant cannot set off a counter claim which he has failed to present to the commissioners on claims. Thereupon, by permission of the court, the set-off was voluntarily withdrawn by Pratt's counsel, and the case went to trial on the question of the statute of limitations only. The administratrix obtained a verdict and judgment against Pratt for $1,007.37, which was afterwards affirmed by this court on December 22, 1919. (See *Judson* v. *Pratt*, 208 Mich. 286.)

After the trial in the circuit court the plaintiff herein secured a revival of the commission on claims in the estate of Fred Judson, deceased, and presented the items of his set-off as a claim against said estate. At the hearing before the commissioners on claims upon plaintiff attempting to prove the first three items of set-off, he was met by objection on the part of attorney for the administratrix that those items were all barred by the statute of limitations; and as to the fourth item of set-off, the administratrix introduced testimony which satisfied the commissioners that it was paid. The commissioners held all other items to be barred by the statute of limitations, and totally disallowed plaintiff's claim. The plaintiff appealed from the decision of the commissioners to the circuit court for

the county of Genesee, and the case is now there pending. After the decision in this court plaintiff filed this bill, and the bill of complaint herein contains the following:

"The plaintiff is advised and believes that he cannot, under the strict rules of the common law, prove his said items of set-off upon the trial of said appeal, and that he will be totally deprived of any relief arising out of the sums that he paid upon said notes, during the lifetime of said Fred Judson, because, the first three items, amounting to $606, when considered by themselves, without reference to the said notes, are barred by the statute of limitations.

"Plaintiff further represents that owing to the agreement that the said items of set-off should be allowed by said Judson as payments upon said notes, and owing to the friendly relations existing between plaintiff and said Fred Judson, plaintiff relied upon said Fred Judson to make the proper indorsements upon said notes for the items contained in plaintiff's set-off. And plaintiff avers that the failure and neglect of said Fred Judson to make such indorsements upon said notes constitutes constructive fraud, and entitles plaintiff to relief in a court of equity.

"Plaintiff further avers that prior to the death of said Fred Judson he, plaintiff, had a plain, full and adequate remedy at law, with full right of set-off, but owing to the death of said Fred Judson, and the peculiar statute regarding claims against estates, and the construction placed thereon by the Supreme Court, plaintiff has been deprived of proving his said set-off. The result of the statute in regard to claims against estates, and claims in favor of estates is, that the claims in favor of estates are to be enforced in the circuit court, and claims against estates are to be enforced in the probate court. In this particular instance, because the payments were not indorsed upon the notes, those payments must be proved in a separate court, and are barred unless considered in connection with said notes, and the plaintiff is without adequate remedy at law.

Plaintiff avers that set-off originated in courts of equity and that such courts still have jurisdiction to relieve and do relieve when the statutes of set-off fail to give adequate remedy. Plaintiff applies to this court to restrain the defendant from enforcing the unconscionable advantage that she has obtained by the failure of the statute to allow plaintiff to prove his off-set. This action in no way seeks a modification of the judgment, but merely asks that the defendant be compelled to do equity."

The bill prayed that the defendant administratrix be restrained by the order and injunction of the court from proceeding to a collection of said judgment, and from forcing said appeal from the commissioners to trial during the pendency of this suit. Upon the filing of the bill of complaint and a bond, an injunction was issued as prayed for. The defendant filed a motion to dismiss, in the nature of a demurrer, upon the ground that the bill sets up no equitable ground for relief. The motion was heard in the court below and was granted in whole, and the bill of complaint was dismissed for the reason that it set up no equitable ground for relief. The plaintiff has appealed.

It seems to us that to state the facts in this case is virtually to decide it, and affirm the decree below. It appears from the statements contained in the bill that there was a distinct agreement on the part of Judson to accept the property and money in discharge of the debt, in whole or in part. Unquestionably it is this agreement that gives the character of payment, without which the transaction is regarded as matter of set-off. 21 R. C. L. p. 46.

It is significant that in the circuit court instead of pleading payment in full, or *pro tanto*, Pratt saw fit to give notice of set-off only. This set-off he voluntarily withdrew from the consideration of the court in that case, and sought a new forum. He went before the

commissioners on claims and presented his case. An adverse decision having been rendered, he, claiming to be aggrieved thereby, has appealed to the circuit court, where the case is now pending. Whatever may have been the agreement, if any, on the part of Judson to apply as payments the property and money received from Pratt, there is no evidence or showing of any fraud or deceit practiced by him. By the statements in the bill it appears that the parties never got together to make a settlement, and the claims of Pratt, treating them as independent transactions, were outlawed before Judson's death. Plaintiff never saw fit to bring suit upon them, or plead payment, but slept upon his rights. A party thus guilty of delay and laches has no standing in a court of equity.

It has been repeatedly said that in the matter of set-off courts of equity follow the law, and will not allow set-off in cases where the law will not, unless there be special equities, growing out of the transaction itself, requiring it. *Lockwood* v. *Beckwith,* 6 Mich. 168, 175. One who has let his legal remedy be outlawed cannot obtain relief in equity. *Webster* v. *Gray,* 37 Mich. 37. This doctrine has been frequently announced by this court.

We have examined the authorities cited by plaintiff's counsel referred to in 19 Enc. Pl. & Prac. p. 718. Nearly every one of the cases there cited dealt with the question of insolvency or non-residence of parties. No such question is here involved. From the authorities cited by plaintiff we quote the following:

"This court has held in a number of cases, that a court of equity will set off an equitable demand against a legal demand (*Downs* v. *Jackson,* 33 Ill. 464; *Raleigh* v. *Raleigh,* 35 Ill. 512). But, 'courts of equity will not enforce a set-off not allowed by law, unless the party seeking it can show some equitable ground for being protected against his adversary's demand.

The mere existence of cross-demands is not sufficient.' *Rawson* v. *Samuel,* 1 Craig & Phil. 161.

"At first courts of equity assumed jurisdiction in matters of set-off because natural equities seemed to require that one demand should compensate another, and that it was iniquitous to demand and enforce more than the balance. But now courts of equity only exercise this jurisdiction when a legal demand is interposed to an equitable suit, or when an equitable demand cannot be enforced at law and the other party is suing therein; or where the demands are purely legal and parties seeking the benefit of the statute show some equitable demand for being protected. The insolvency of the party against whom the set-off is claimed is a ground for the exercise of equitable jurisdiction. *Gay* v. *Gay,* 10 Paige Ch. (N. Y.) 376; *Raleigh* v. *Raleigh, supra.*" *Houston* v. *Maddux,* 179 Ill. 377 (53 N. E. 599).

In *Barnes* v. *McMullins,* 78 Mo. 260, it is said, quoting from 2 Story's Eq. Juris, § 1436:

" 'A set-off is ordinarily allowed in equity only when the party seeking the benefit of it can show some equitable ground for being protected against his adversary's demand.'

"When the party has a plain redress at law, not merely by pleading but by an original suit, a court of chancery will generally refuse to assume jurisdiction, nor will equity take cognizance of a case or extend its jurisdiction to sustain as a set-off a sum so uncertain as to require a jury to be impanelled to liquidate it. But when the demand sought to be set off is certain and definite, and the insolvency of the adverse party is admitted, the chancellor has jurisdiction to retain the matter and give full and final redress by decreeing a set-off, or any other relief proper and consistent in the case."

In *Bathgate* v. *Haskin,* 59 N. Y. 533, it is said:

"But while, as a general principle, courts of equity follow the rules of law in enforcing set-offs, they exercise an original jurisdiction over the subject, and in cases of peculiar equity and under special circumstances will enforce a set-off not within the letter of the statute. * * * The insolvency of a

party against whom a set-off is demanded is often a decisive reason for interposition of a court of equity."

We also quote the following from 1 Joyce on Injunctions, § 501:

"Set-off—Insolvency. Where plaintiff and defendant are mutually indebted to each other on negotiable notes, and defendant becomes insolvent, he may be enjoined for the purpose of set-off from transferring the note made by plaintiff if it is not yet due. The general rule is that when there are mutual demands between parties which cannot be set off under the statute, but may be set off in equity without interfering with equitable rights, the fact that one of the parties is insolvent gives jurisdiction to a court of equity to enforce the set-off."

We think the plaintiff has elected his forum, and that the following language from 20 Corpus Juris, at page 41, is applicable here:

"The prosecution by plaintiff of an action at law to judgment, or a suit in equity to decree, with knowledge of his rights and of the facts, is held to be a conclusive election of the tribunal in which the action or suit is prosecuted, which will bar subsequent proceedings for the same cause in the other tribunal. The matter has then become *res judicata*. But the mere commencement of an action at law, or a suit in equity does not constitute a conclusive election, so as to preclude resorting to the other tribunal to enforce the same cause of action, especially where the actions are not inconsistent, although equity may, and ordinarily will, decline to assume jurisdiction, in the absence of special circumstances, where the action at law was first commenced; particularly where it would be inequitable to do so. The rule that in cases of concurrent jurisdiction the court that first acquired jurisdiction ousts the jurisdiction of the other, has been applied in this connection."

See, also, 24 R. C. L. p. 881; 7 Wait's Actions & Defenses, p. 478; and upon the subject generally see 25 Am. & Eng. Enc. Law (2d Ed.), p. 543.

If the statute relating to set-offs, cited by counsel for plaintiff, is applicable to plaintiff's claim, it is as available to him in the circuit court where his claim is pending as it would be in a court of equity.

Upon the whole record we are satisfied that the conclusion reached in the court below was the correct one, and that the plaintiff does not state a case for equitable relief in his bill of complaint. The rule is well stated in 19 Enc. Pl. & Prac. p. 719, as follows:

"The mere existence of mutual demands, distinct and independent in character, is insufficient to give to equity jurisdiction to compel a set-off. Some grounds for equitable interposition must be alleged, such as fraud, agreement to set off mutual demands, embarrassment in enforcing the demand at law, or special circumstances, such as insolvency or non-residence, which render it probable that one party will lose his demand, and be compelled to pay the demand of the other."

And on page 721:

"Equity will not order a set-off on the application of one who has a complete and adequate remedy at law."

See, also, Bispham's Equity, § 428.

And upon the subject of laches see 19 Enc. Pl. & Prac. p. 722.

The decree of the court below is affirmed, with costs.

STEERE, C. J., and WIEST, FELLOWS, CLARK, BIRD, and SHARPE, JJ., concurred. MOORE, J., did not sit.