McDUFFEE v. BARKER.

1. LIMITATION OF ACTIONS—MORTGAGES—PAYMENT—EVIDENCE.

In suit to enjoin foreclosure of mortgage by advertisement by administrator of mortgagee's estate and to have mortgage discharged of record because barred by statute of limitations, finding of trial court that payment, made by mortgagor who also owed money to mortgagee on a note not secured by the mortgage and upon which note payee, now deceased, was pressing for payment, was not made to apply on mortgage and thereby continuing it *held*, proper, where sole written evidence that payment made was applicable to mortgage was made on behalf of party to whom payment was made and oral testimony was conflicting (3 Comp. Laws 1929, §§ 13975, 13988).

2. SAME—PARTIAL PAYMENT—EFFECT.

If the acknowledgment of a debt barred by the statute of limitations, or, if a partial payment of it, is accompanied by declarations, or circumstances, which rebut the implication of a promise of payment, or that the debtor, by the partial payment, admitted his obligation to pay the residue, the claim is not revived.

3. SAME—NEW PROMISE—EVIDENCE.

Whenever a new promise is set up to remove the bar of the statute of limitations, proof thereof must be clear and explicit, either expressly or by such an unqualified acknowledgment as authorizes its implication, no set form of words being requisite.

Appeal from Ottawa; Miles (Fred T.), J. Submitted April 20, 1937. Docket No. 125, Calendar No. 39,490.) Decided June 7, 1937.

Bill by Daniel McDuffee against Charlotte M. Barker, administratrix of the estate of Hariet A. McDuffee, deceased, to restrain foreclosure of a mortgage and to discharge a mortgage of record. Decree for plaintiff. Defendant appeals. Affirmed.

*Diekema, Cross & Ten Cate,* for plaintiff.

*Allaben & Wiarda,* for defendant.

BUSHNELL, J. Daniel McDuffee owed his mother, Hariet A. McDuffee, $1,000, which was secured by a mortgage on farm property dated December 18, 1900, in which the mother had a life estate. Daniel became further obligated, under the terms of a written agreement dated March 3, 1915, to pay his mother $275 a year rental for the use of her life interest on the same premises.

Mrs. Hariet McDuffee died August 2, 1934, and Charlotte E. Barker, her daughter, as administratrix, proceeded to foreclose the 34-year old mortgage

by advertisement. The notice of foreclosure recited that $200 had been paid upon the mortgage interest on June 2, 1921. By bill in chancery, plaintiff sought to enjoin the foreclosure sale of the farm, and prayed for a decree declaring the mortgage not to be a lien, and that it be discharged of record. Plaintiff claims that the $200 was paid on account of accrued rental due his mother, upon which he was somewhat in arrears, and not upon the mortgage indebtedness.

Determination of the precise nature of the $200 payment is decisive of the appeal. No claim is made that any payments of principal or interest were made upon the mortgage between its execution in 1900 and June 2, 1921.

On May 25, 1921, Charles E. Barker, husband of defendant administratrix, gave plaintiff a receipt reading, "Received of Daniel McDuffee Jr. One Hundred Dollars to apply on rent due Mrs. Daniel McDuffee Sr.," and on May 31st, Barker wrote Mr. Taggart, who was then the attorney for the mother of plaintiff as follows:

"Mrs. Daniel McDuffee, who is my mother-in-law, has asked me to drop you a line to the effect that her son, Daniel McDuffee, sent her $100 last week, also notifying her that he would send you about $150 more this week and a little later on another $150.

"She would like to have you see to it that when the next money comes from her son through you, that you send him a receipt for the same, and stating in the receipt that said money is to apply on the interest due her on the mortgage, which, as she understands the matter, will act as a renewal of the mortgage,— thus protecting her in this way as to the latter."

The plaintiff wrote Mr. Taggart on June 2, 1921:

"Please find inclosed draft to aplie on acount aginst Daniel McDuffee please send reseat for same By return mail."

And received a reply dated June 4th, reading:

"I am in receipt of yours enclosing certificate of deposit for $200 to our order and to be applied on the account held by your mother. As I understand, this is to be applied as interest on the old mortgage and we will so credit it."

Mr. Taggart testified:

"After that letter was written, I am sure that Mr. McDuffee never sent a letter to the effect that this letter was incorrect. I have no recollection of his ever saying so either. I think I can positively say he never did until after his mother's death. His mother died August 2, 1934."

Plaintiff was examined as to the details of the $200 payment. He said it was "paid for rent" and added:

"I afterwards got a receipt from Taggart & Kingston. When I got it, I called at his office and told him the mistake and he turned me down. I told him it was to be applied as rent, not as interest on the old mortgage. In the receipt he claimed it was interest on the mortgage. He wrote me a letter, too, before that time acknowledging receipt of the money. This is the letter he wrote.

"(Letter marked Plaintiff's Exhibit 5 and received in evidence).

"Then after receipt of this letter I went and told them that they were mistaken, that it wasn't paid to be applied upon the mortgage, but to be applied on the rent. Before receipt of that letter, and on February 9, 1921, I received this letter from Taggart & Kingston.

"(Letter marked plaintiff's Exhibit 6 and received in evidence)."

We have quoted Exhibit 5 (the letter of June 4th); Exhibit 6 is a letter from Taggart & Kingston dated February 9, 1921, addressed to plaintiff, which reads:

"I think it was our understanding that one-half of the note should be payable on or before February 1st. Your mother has made some inquiry as to whether payment had been made and wish you would arrange to do so and also the balance left from your last payment."

The note referred to in the letter was for the balance of unpaid rent due Mrs. McDuffee amounting to about $800.

The circuit judge said in his opinion:

"At the outset it should be noted that it is highly improbable that plaintiff ever paid the mortgage. He was clearly unable to pay it. The testimony offered by him but indicates that his mother had allowed that the mortgage was out-lawed; not that it was paid. The claims of plaintiff are inconsistent also; he should read the defense suggested by the Elder Weller in Pickwick papers. He was indebted to his mother for rent at the time of the alleged payment, and had given her a note for same. Her attorneys were pressing him to pay the note and rent due. It is more than likely that his mother was more anxious to have the rent paid than to collect the mortgage, as the lease was intended to provide her a home as well as an income.

"May 25, 1921, Mr. Barker collected $100 from plaintiff, and the receipt reads 'to apply on rent;' On May 31, 1921, Mr. Barker writes to the attorneys relating the payment of the $100 and stating that he would send $150 this week and a little later on another $150; he then suggested that the attorneys apply such payment on the mortgage; this is not plaintiff's suggestion; it is Mr. Barker's suggestion. The letter of June 4, 1921, written by the attorneys does not indicate any direction by plaintiff to apply this on the mortgage, but states that 'I understand, etc.' Plaintiff says that he immediately got in touch with the attorneys and told them it was not to be so

applied. The letter of June 2, 1921, which accompanied the draft certainly cannot be construed as authority to apply the payment on the mortgage; it states that it is 'to apply on account;' the word 'account' cannot be construed to be meant to mean 'mortgage.'

"The receipt given by Barker, the letter written by Barker to the attorneys, the letter accompanying the draft, and the letter from the attorneys, when all read together, indicates that the payment was not made on the mortgage; while not much weight can be attached to the testimony of the witnesses produced by plaintiff, still it must be admitted that in the light of the papers referred to, there is a strong probability that plaintiff himself did call the attention of the attorneys to their mistake in making application of the $200 payment. It is impossible for attorneys to have remembered with any degree of accuracy the fact of a telephone call or perhaps a call at the office of which the attorney may not even have personal knowledge. The call or the conversation was most likely with some person who answered in the office of the attorney.

"It is the opinion of the court that even if the testimony is disregarded the exhibits indicate that the $200 payment was not made to apply on the mortgage.

"It follows that the mortgage is barred by the statute of limitations, and the plaintiff is entitled to the relief requested."

The findings of the trial court and its decree conform to well settled law.

"No suit or proceeding shall be maintained to foreclose a mortgage on real estate, either at law or in equity, unless commenced within fifteen years from and after such mortgage shall be due and payable, or within fifteen years after the last payment was made on said mortgage." 3 Comp. Laws 1929, § 13975.

Appellant admits in her brief that the mortgage was due in 1910 and says if the $200 payment of June 2, 1921, was lawfully applied on the mortgage, then said mortgage would not become outlawed until June 2, 1936. The notice of mortgage sale is dated March 28, 1936.

Section 13988, 3 Comp. Laws 1929 reads:

"Nothing contained herein shall alter, take away, or lessen the effect of a voluntary payment of any principal or interest, made by any person; but no indorsement or memorandum of any such payment written or made upon any promissory note, bill of exchange or other writing or on behalf of the party to whom such payment shall be made, or purport to be made, shall be deemed sufficient proof of the payment, so as to take the case out of the operation of the provisions of this chapter."

We said in *Hiscock* v. *Hiscock,* 257 Mich. 16, 20 (78 A. L. R. 953):

"The indorsements made on the mortgage are properly admissible in evidence (*Judson* v. *Pratt,* 208 Mich. 286), although, in the absence of other testimony, they are not sufficient to overcome the statutory bar (*Michigan Insurance Co. of Detroit* v. *Brown,* 11 Mich. 265). The evidence as a whole should be clear and decisive of payment. *Cowie* v. *Fisher,* 45 Mich. 629."

See, also, *Gordon* v. *Heller,* 271 Mich. 240, 244.

The law of limitation was discussed in *Jewett* v. *Petit,* 4 Mich. 508. We quote from the syllabus:

"If the acknowledgment of a debt barred by the statute of limitations, or, if a partial payment of it, is accompanied by declarations, or circumstances, which rebut the implication of a promise of payment, or that the debtor, by the partial payment, admitted

his obligation to pay the residue, the claim is not revived.''

The same subject is fully treated in *Ten Eyck* v. *Wing*, 1 Mich. 40. The court said, at page 47:

''Whenever a new promise is set up to remove the bar of the statute, it ought to be proved in a clear and explicit manner, either expressly, or by such an unqualified acknowledgment as authorizes its implication. *Bell* v. *Morrison*, 1 Pet. (26 U. S.) 351, 362; *Cambridge* v. *Hobart*, 10 Pick. (27 Mass.) 232; *Gardner* v. *Tudor*, 8 Pick. (25 Mass.) 206; *Bangs* v. *Hall*, 2 Pick. (19 Mass.) 368 (13 Am. Dec. 437). And although it is held no set form of words is requisite to constitute a sufficient acknowledgment, and that it may be inferred from facts without words, *Whitney* v. *Bigelow*, 4 Pick. (21 Mass.) 110, yet the acknowledgment ought to contain an unqualified and direct admission of a present subsisting debt which the party is liable and willing to pay, and be unaccompanied by any circumstances or declarations which repel the presumption of a promise or intention to pay. *A'Court* v. *Cross*, 3 Bing. 329 (130 Eng. Rep. 540). If there be anything said at the time of the acknowledgment to repel the inference of a promise, the acknowledgment will not take the case out of the statute; the acknowledgment must be consistent with a promise to pay. *Miles* v. *Moodie*, 3 Serg. & Raw. (Pa.) 211; *Fries* v. *Boisselet*, 9 Serg. & Raw. (Pa.) 128 (11 Am. Dec. 683); *Moyer* v. *Kirby*, 14 Serg. & Raw. (Pa.) 162, 165; *Danforth* v. *Culver*, 11 Johns. (N. Y.) 146 (6 Am. Dec. 361); *Laurence* v. *Hopkins*, 13 Johns. (N. Y.) 288; *Sands* v. *Gelston*, 15 Johns. (N. Y.) 511, 514.''

There was no new promise of payment of the mortgage indebtedness made by the plaintiff.

The decree is affirmed, with costs to appellee.

Fead, C. J., and North, Wiest, Butzel, Sharpe, Potter, and Chandler, JJ., concurred.