ODGERS v. LENTZ.

*In re* PETITION OF AUDITOR GENERAL.

1. TAXATION—NOTICE OF SALE—SETTING ASIDE SALE.

An owner of land who has notice that his land has been sold for taxes must take proceedings to set aside the sale within one year (1 Comp. Laws 1929, § 3462, as amended by Act No. 234, Pub. Acts 1941).

2. EQUITY—OUTLAWED LEGAL REMEDY.

One who has let his legal remedy be outlawed cannot obtain relief in equity.

3. ESTOPPEL—RELIANCE ON MISLEADING CONDUCT.

There can be no estoppel unless a party is misled to his prejudice by the conduct of the person against whom it is set up, and acts are done relying upon conduct calculated to mislead.

4. TAXATION—QUIETING TITLE—SETTING ASIDE TAX TITLE—ESTOPPEL.

In proceeding by holders of title through State land office board to quiet title as against claim of persons claiming through former owner, where negotiations between the attorneys for the respective parties were insufficient to constitute either an estoppel or a waiver of the statutory period, within which action to set tax title aside must be commenced, plaintiffs were entitled to decree quieting title in them and dismissing defendant's petition for cancellation of tax deeds (1 Comp. Laws 1929, § 3462, as amended by Act No. 234, Pub. Acts 1941).

Appeal from Macomb; Noe (Alton H.), J. Submitted June 10, 1947. (Docket No. 54, Calendar No. 43,768.) Decided December 3, 1947.

Bill by Sydney Odgers and wife against Martha Lentz and another to quiet title to real estate. De-

cree for plaintiffs. Defendant Lentz appeals. Affirmed.

*Neal & Hirt,* for plaintiffs.

*Chas. A. Bryan* (*Gordon J. Ernst,* of counsel), for defendant Lentz.

BUSHNELL, J. This is an appeal from a decree quieting the title of plaintiffs to "land in the village of Utica, Macomb county, Michigan, described as lot 41 of assessors replat of John Stead's Addition, according to the recorded plat thereof in liber 13 of plats, page 48, Macomb county register of deeds office," and denying defendant's "petition" for cancellation of certain deeds arising out of a sale of these lands for delinquent taxes.

Plaintiffs Sydney Odgers and his wife, Winnifred M. Odgers, obtained title to the land in question on September 6, 1944, by warranty deed from Pamela B. Church, her title having been obtained by a quitclaim deed dated July 31, 1940, from the State through the State land office board.

Defendants Martha Lentz and one Ruth M. Balzer, the latter not being an appellant herein, claim title to this land by reason of a quitclaim deed to them as joint tenants with right of survivorship executed by Pauline Balzer on August 19, 1941. Pauline Balzer had owned the land for many years, and her grantees claimed in their "petition" that she had always paid the taxes thereon. They stated specifically:

"That on the 22d day of September, 1936, she (Pauline Balzer) caused a demand to be made upon the county treasurer of said Macomb county for a statement of all taxes then delinquent against said lot and was informed that the only taxes then unpaid

were the taxes for the year 1935, which she caused to be paid as shown by receipt therefor issued by said county treasurer; that thereafter, and on the 14th day of June, 1937, she caused to be made on said county treasurer a demand for a statement of all taxes then delinquent against said lot and was informed that the only taxes then unpaid were the taxes for the year 1936, which she caused to be paid as shown by receipt issued by said county treasurer; that thereafter, and on the 16th day of August, 1938, after the entry of the decree in the above entitled cause, she caused a demand to be made upon said county treasurer for a statement of all taxes then delinquent against said lot and was informed that the only taxes then unpaid were the taxes for the year 1937, which she caused to be paid as shown by receipt issued by said county treasurer."

Plaintiffs' bill to quiet title and defendant's "petition" were heard together. The record shows that the State of Michigan acquired title by virtue of a tax sale pursuant to a decree entered April 25, 1938, and a deed from the auditor general dated November 29, 1939, and recorded on April 18, 1940. It is conceded that Pauline Balzer was advised by the county treasurer on September 16, 1940, that the property had been sold by the State to Pamela Church, and that a hearing was had before the attorney for the State land office board on September 27, 1940. The attorney who represented Pauline Balzer at this hearing testified that he opened negotiations at the time with plaintiffs' counsel, looking to a conveyance back to his client, which negotiations continued until November 16, 1943. Various sums were discussed, but to no avail. During the testimony, counsel stipulated on the record as follows:

"*Mr. Neale:* Just so that in case some other counsel come into this matter after we are through

with it, shouldn't it be conceded on the record that the plaintiffs are entitled to a decree in their favor unless there were negotiations either between the parties themselves or by the counsel for the respective parties, that would waive the operation of the one-year statute?

"*Mr. Cassidy:* I will concede that and concede it is just the question of negotiations."

In response to the court's statement:

"It is a question as to such testimony to show an avoidance of the one-year limitation."

Defendant's counsel replied: "All right."

Counsel who represented Mrs. Church at the land office board hearing now represents plaintiffs herein, and testified in their behalf. Thus the court had before it all of the available facts regarding the negotiations between the parties.

At the conclusion of the testimony the following discussion took place between the court and appellant's counsel:

"*The Court:* Are the proofs all in now?

"*Mr. Cassidy:* Yes, your Honor. That is, of course, the, we have an offer of the proof relative to the good faith attempt to pay the taxes, which, as your Honor stated, assuming that was proved—

"*The Court:* Without that you couldn't even be here. Without that you wouldn't be in court at all, so we are assuming that.

"*Mr. Cassidy:* All right.

"*The Court:* Well, is there any argument at all or we will leave it just as it is?

"I presume that it is strictly a question of fact as to whether or not different negotiations carried it out of the statute. Personally, I don't think so, I am still not convinced.

"I still think that assuming that Mr. Ernst's testimony here, his last statement that the last infor-

mation he had was in 1943, there certainly was absolutely nothing that would carry it up to a period of time that would allow a petition filed in January, 1945, to have any merit at all.

"The case is not quite the same as where parties negotiate without any knowledge of the fact. They both have the benefit of counsel. It is assumed, must be assumed, it is assumed, anyway, but in this case where counsel actually represented the parties, the assumption must be stronger, that the parties knew their legal rights."

Decision turns on the effect of section 70 of the general property tax law (1 Comp. Laws 1929, § 3462, as amended by Act No. 234, Pub. Acts 1941 [Comp. Laws Supp. 1945, § 3462, Stat. Ann. 1946 Cum. Supp. § 7.115]). This section contains the following provision:

"*Provided,* No sale shall be set aside for inadequacy of price, except upon payment of the amount bid upon such sale, with interest and costs: *Provided further,* That no sale shall be set aside after confirmation, except in cases where the taxes were paid, or the property was exempt from taxation. In such cases the owner of such lands may move the court at any time within 1 year after he shall have notice of such sale to set the same aside, and the court may so order upon such terms as may be just."

The Court held in *Hayward* v. *O'Connor,* 145 Mich. 52, and in *Shaaf* v. *O'Connor,* 146 Mich. 504 (117 Am. St. Rep. 652):

"When the owner of land has notice—no matter how he obtains that notice—that his land has been sold for taxes, he must, if he desires to have the sale set aside by the circuit court, take proceedings within one year."

See, also, *Palmer* v. *State Land Office Board,* 304 Mich. 628. As stated in *Pratt* v. *Corns,* 214 Mich. 390, 395:

"One who has let his legal remedy be outlawed cannot obtain relief in equity. *Webster* v. *Gray,* 37 Mich. 37. This doctrine has been frequently announced by this Court."

The negotiations between the attorneys for the respective parties were insufficient to constitute either an estoppel or a waiver of the statutory limitation, upon an action to set aside a tax title as expressed in the tax statute herein cited and quoted. Neither appellant nor her grantor was prejudiced by any acts of plaintiffs or their counsel, and defendants and their grantor were at all times cognizant of the material facts.

"There can be no estoppel unless a party is misled to his prejudice by the conduct of the person against whom it is set up, and acts are done relying upon conduct calculated to mislead." *Thirlby* v. *Rainbow,* 93 Mich. 164, 170.

Plaintiffs and their predecessor in title were purchasers in good faith and without notice of any rights on the part of Pauline Balzer or Martha Lentz.

The decree quieting title in plaintiffs and denying the "petition" brought by Martha Lentz and Ruth Balzer is affirmed, with costs to appellee.

CARR, C. J., and BUTZEL, SHARPE, BOYLES, REID, NORTH, and DETHMERS, JJ., concurred.