SIMASKO v. TOWNSHIP OF HARRISON

1. PROPERTY—TAX SALE—REDEMPTION—IMPROPER NOTICE—LACHES.
Improper service of notice of tax redemption on last grantee of record does not excuse laches on the part of one claiming under him who has notice of the tax sale (CL 1948, § 211.140).

2. SAME—TAX SALE—LACHES—IMPROPER NOTICE OF REDEMPTION.
Laches, designed to protect future innocent parties from the failure promptly to assert a right, arises after a reasonable time following a notice of tax sale received by the last grantee of record, although improperly served on him, where his successor attacking the notice of redemption has notice of the tax sale (CL 1948, § 211.140).

3. SAME—TAX SALE—LACHES.
A long delay by one claiming under the last grantee of record following notice of tax sale received by the grantee, although improperly served on him, precludes claimant's successful assertion of rights in the property, where claimant has notice of the tax sale (CL 1948, § 211.140).

Appeal from Macomb, Spier (James E.), J. Submitted Division 2 January 7, 1969, at Lansing. (Docket No. 4,913.) Decided January 28, 1969. Leave to appeal denied April 16, 1969. See 381 Mich 815. Application for certiorari filed in the Supreme Court of the United States August 18, 1969.

Complaint by Leonard Simasko to quiet title to real estate. From a judgment dismissing complaint and quieting title in defendant, plaintiff appeals. Affirmed.

*L. Edwin Wenger*, for plaintiff.

*Hunter D. Stair*, for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1] 51 Am Jur, Taxation § 1097 *et seq.*
[2, 3] 51 Am Jur, Taxation § 1116 *et seq*

Per Curiam. In 1966, plaintiff filed an action to quiet title against defendant, who held a deed under a delinquent tax sale in 1958. The lower court entered a judgment dismissing the complaint and quieting title in the defendant on the basis of laches.

Plaintiff contends that laches did not bar his suit because improper notice of redemption was served on his grantor, according to CL 1948, § 211.140 (Stat Ann 1960 Rev § 7.198). The statute requires service of the notice on the last grantee of record by the sheriff of the county of the grantee's residence or of the county where the grantee may be found. Here, a deputy sheriff of an adjoining county served plaintiff's grantor.

The trial judge did not err by finding plaintiff guilty of laches, thus barring his equitable remedies. Laches, designed to protect future innocent parties from the failure promptly to assert a right, arose after a reasonable time following plaintiff's grantor's notice of the 1958 tax sale. *Aztec Cooper Co.* v. *Auditor General* (1901), 128 Mich 615; *Cook* v. *Hall* (1900), 123 Mich 378. Furthermore, a landowner who has notice that his land has been sold for taxes must have the sale set aside in circuit court within one year thereafter, no matter how he obtained notice. *Odgers* v. *Lentz* (1947), 319 Mich 502. The lower court correctly determined that plaintiff had notice of the tax sale and that the lengthy delay in filing his action against defendant precluded plaintiff's successful assertion of rights in the property.

Affirmed.

Quinn, P. J., and McGregor and V. J. Brennan, JJ., concurred.