RICHARD v RYNO

Docket No. 86427. Submitted October 10, 1986, at Lansing. Decided
    March 16, 1987.

Thomas A. Richard brought an action in the Montcalm Circuit
    Court against John H. Ryno and other defendants, seeking to
    quiet title to certain property plaintiff had purchased in a tax
    sale and whose last grantees of record were John H. Ryno and
    Arvilla M. Ryno, the now deceased parents of defendants.
    Defendants filed a counterclaim seeking to quiet title in their
    names. Following a bench trial, the court, James L. Banks, J.,
    entered a judgment quieting title in plaintiff's name. Defen-
    dants appealed, claiming error in the trial court's determina-
    tion that defendants' actual knowledge of the tax deficiencies
    and the subsequent tax sale proceedings satisfied the notice
    required by statute regarding reconveyance or, in the alterna-
    tive, that judgment was justified on the basis of defendants'
    laches.

The Court of Appeals *held:*

1. Strict compliance with the statutory notice provisions is
required. In this case, the form supplied by plaintiff to the
sheriff's department for service on decedents John H. Ryno and
Arvilla M. Ryno was merely signed by a deputy sheriff who
indicated that service was not effectuated, with no indication
that anything more was done to effectuate service. The proce-
dure did not strictly comply with the statute. Accordingly, the
order of the trial court in favor of plaintiff was reversed.

2. However, the case was remanded for a determination of
whether plaintiff is entitled to reimbursement for improve-
ments made and taxes paid as provided by statute where a tax
sale purchaser makes a bona fide attempt to give notice within
five years of the date of entitlement to a tax deed.

3. Defendants' laches, if any, does not excuse plaintiff's
improper notice of reconveyance.

Reversed and remanded.

REFERENCES

Am Jur 2d, State and Local Taxation §§ 973 *et seq.*

Sufficiency of notice of sale of property, under 26 USCS § 6335,
    seized for failure to pay federal taxes. 26 ALR Fed 381.

PROPERTY — TAX SALE — NOTICE OF RECONVEYANCE — STATUTES.

A tax sale purchaser of real property does not comply with the statute requiring notice of reconveyance where a deputy sheriff merely files a return of a form supplied by the purchaser indicating service was not effectuated on the last grantees of record who are deceased but whose live children are either known to the purchaser or could have been disclosed by a reasonable inquiry; the purchaser's noncompliance with such statutory requirement may not be excused by a claim of laches in a subsequent action to quiet title in the purchaser's name (MCL 211.140; MSA 7.198).

*Flickinger, Loeks & Garthe, P.C.* (by *Donald W. Garthe*), for plaintiff.

*Frye, Mullendore & Carr* by (*Duane A. Carr*), for defendants.

Before: R. M. MAHER, P.J., and D. E. HOLBROOK, JR., and M. R. STEMPIEN,* JJ.

PER CURIAM. Defendants appeal as of right from a circuit court judgment quieting title in plaintiff's name to a parcel of property located in Montcalm County and denying defendants' counterclaim also seeking a determination of title. Defendants are children of the now deceased last grantees of record of the parcel. Plaintiff is the tax title purchaser of the property. We reverse on the basis that plaintiff did not comply with the statutory requirements for notice of the tax proceedings. As a result of this failure plaintiff may not claim defendants' laches as a defense.

MCL 211.140; MSA 7.198 prescribes the procedure for service of notice and persons entitled to notice in proceedings for the possession of land the title of which was obtained by or through a tax sale:

* Circuit judge, sitting on the Court of Appeals by assignment.

(1) . . . The return shall indicate that the sheriff has made personal or substituted service of the notice upon the following persons who were, as of the date the notice was delivered to the sheriff for service:

(a) The last grantee or grantees in the regular chain of title of the land, or of an interest in the land, according to the records of the county register of deeds.

\*    \*    \*

(4) If a person entitled to notice as prescribed in subsection (1) is dead, or if a person's estate is under control of a trustee or guardian, the notice may be served upon the executor or administrator of the decedent's estate, or upon the decedent's heirs if there is not an executor or administrator, or upon the trustee or guardian of an incompetent person, with like effect as if served upon the grantee, mortgagee, or assignee.

(5) If the sheriff of the county where the land is located makes a return that after careful inquiry the sheriff is unable to ascertain the whereabouts or the post-office address of the persons upon whom notice may be served as prescribed in this section,[1] the notice shall be published for 4 successive weeks, once each week, in a newspaper published and circulated in the county where the land is located, if there is one. If no paper is published in that county, publication shall be made in a newspaper published and circulated in an adjoining county, and proof of publication, by affidavit of the printer or publisher of the newspaper, shall be filed with the county treasurer. This publication shall be instead of personal service upon the person or persons whose whereabouts or post-office address cannot be ascertained as prescribed in subsection (3).

In the instant case, plaintiff delivered a form

---

[1] Subsection (5) appears to contain a typographical error in that the dependent clause is followed by a period rather than a comma. We have chosen to overlook the error and read the provision as the Legislature intended it to be read.

notice which complied with MCL 211.140; MSA 7.198 to the sheriff's department for personal service. The face of the notice states that service was to be made on "John H. Ryno & wife, Arvilla Marie Ryno (both deceased)." There is no indication that the sheriff's deputy did anything more than sign the return indicating that service was not effected. Plaintiff subsequently attempted service of notice by publication. However, defendants never responded.

Plaintiff filed his action to quiet title on June 12, 1984, after a prospective sale of the realty in question fell through because he was refused title insurance. Defendants filed a counterclaim seeking to quiet title to the land in their names. Following a bench trial, the trial court found that some of the ten children had actual notice of the tax proceedings by virtue of their knowledge of the delinquent taxes and plaintiff's acquisition of the property. The trial court found that this actual notice satisfied the notice requirement for the perfection of tax deeds. In the alternative, the court determined that judgment in favor of plaintiff was justified on the basis of defendants' laches.

Defendants first contend on appeal that strict compliance with the statute is required and, therefore, actual notice was not sufficient. We agree. In *Clugston v Rogers*, 203 Mich 339; 169 NW 9 (1918), the record grantees, who were recently deceased at the time the sheriff attempted service, had been prominent in the community. The sheriff had been familiar with one of them. Any reasonable inquiry would have determined the children of one and the administratrix of the other, but the sheriff merely indicated on his return that he was unable to ascertain the whereabouts of any. The Supreme Court concluded that the sheriff's attempted service was not the exercise of good faith and dili-

gence and affirmed the decree for plaintiffs, who sought to redeem the premises.

We find that, in the instant case, the sheriff's deputy's actions in merely signing the return and not attempting to effectuate service was not the exercise of good faith and diligence. Plaintiff was very familiar with one of the defendants. Other of the defendants lived in the area and could have been located by any reasonable inquiry. We find that strict compliance with the statutory requirements is necessary. Accordingly, we must reverse the order of the trial court in favor of plaintiff.

We note, however, that MCL 211.73a; MSA 7.119 provides that a cause of action for reimbursement of improvements and taxes may be tried on equitable principles if the tax-title purchaser made a bona fide attempt to give notice of reconveyance within five years of the date of entitlement to a tax deed. In the instant case, it appears that plaintiff's attempt to effect service was a bona fide attempt hindered only by the sheriff's failure to exercise good faith and diligence in determining the whereabouts of the children. Accordingly, we remand to the trial court for proceedings with respect to reimbursement.

Plaintiff contends that, even if notice was insufficient, defendants' claim is barred by laches as a result of the delay in asserting their ownership of the property in question. We disagree.

Laches is a judicially imposed equitable principle denoting the passage of time combined with a change of condition which would make it inequitable to enforce a claim against a defendant. *Lothian v Detroit,* 414 Mich 160; 324 NW2d 9 (1982). Plaintiff contends that he was prejudiced by defendants' delay in asserting their ownership rights since he invested time and money in improving the property. We find, however, that under appli-

cable case law the fact of defendants' laches will not excuse plaintiff's improper notice of reconveyance. See *G F Sanborn Co v Alston,* 153 Mich 456; 116 NW 1099 (1908); *McBride v Closser,* 208 Mich 398; 175 NW 388 (1919); *Duck v McQueen,* 263 Mich 325; 248 NW 637 (1933); *Stockwell v Curtis,* 279 Mich 388; 272 NW 717 (1937).

We note that this decision conflicts with this Court's holding in *Simasko v Harrison Twp,* 15 Mich App 534; 166 NW2d 635 (1969), lv den 381 Mich 815 (1969), cert den 396 US 841; 90 S Ct 105; 24 L Ed 2d 92 (1969). However, it is our belief that *Simasko* was wrongly decided. In that case, plaintiff, the record owner of the property in question, filed an action to quiet title against the tax-title purchaser. Plaintiff claimed that laches did not bar his suit because defendants' notice of redemption was improperly served on plaintiff's grantor. Relying on *Cook v Hall,* 123 Mich 378; 82 NW 59 (1900), and *Odgers v Lentz,* 319 Mich 502; 30 NW2d 43 (1947), the panel agreed with the trial court that plaintiff was guilty of laches, therefore barring his equitable remedies. We find that *Cook* and *Odgers* are distinguishable from the within case and *Alston, McBride, Duck* and *Stockwell* on the basis that they did not involve the tax-title purchaser's own failure to substantially comply with the statutory notice requirements with respect to the notice of reconveyance. Accordingly, we conclude that defendants' claim is not barred by laches.

In view of these conclusions, we need not review defendants' assertion that plaintiff breached a fiduciary duty owed to Ronald Ryno.

Reversed and remanded for proceedings not inconsistent with this opinion.