BRANDON TOWNSHIP v TOMKOW

Docket No. 154992. Submitted January 3, 1995, at Lansing. Decided
June 2, 1995, at 9:05 A.M. Leave to appeal sought.

Brandon Township brought an action in the Oakland Circuit
Court against Alan and Leo Tomkow and the Department of
Natural Resources, seeking to quiet title with regard to certain
real property in the township that had been deeded to the state
because of unpaid taxes. The property was declared surplus
property by the DNR and sold to the Tomkows. The township
condemned part of the property in order to build a new dam on
the site. The Tomkows and the township were unable to reach
an agreement regarding the amount of compensation due for
the taking. The owners of the property before the tax sale then
sold their redemption rights to the township. The court, Fred
M. Mester, J., granted summary disposition for the township,
quieting title in the township. The Tomkows appealed, and the
township cross appealed from the court's ruling that MCL
211.131e; MSA 7.190(3) is constitutional.

The Court of Appeals *held*:

Contrary to the trial court's finding, the notice requirement
of MCL 211.131e; MSA 7.190(3) is unconstitutional. Neverthe-
less, the trial court's resolution of the dispute between the
Tomkows and Brandon Township in favor of the township is
affirmed. The statute, as written, limits due process protection
to landowners who hold property valued over a specific mone-
tary amount. However, the value of a property interest does
not measure the scope of the constitutional protection against a
taking without just compensation and a deprivation of property
without due process. A specific dollar amount may not be used
to trigger the notice requirement of the statute, nor may the
existence of an interest in property be influenced by its size or
dollar value. The provision in the statute that limits the notice
requirement to owners of property with state equalized valua-
tions of more than $1,000 violates the Due Process Clause and
is unconstitutional. The former owner's right of redemption

REFERENCES

Am Jur 2d, Eminent Domain §§ 8, 150-156, 394.
See ALR Index under Eminent Domain.

survived the change in title resulting from the original tax sale, the deeding to the state, the sale to the Tomkows, and the condemnation proceeding. However, because title to the property was vested in the state following the proceeding, the right of redemption attached solely to the compensation award. The original owner was free to sell or give those rights to any party it chose, to the exclusion of the grantees under the DNR deed. The township may exercise the redemption rights that the original owner assigned to it.

Affirmed.

1. CONSTITUTIONAL LAW — DUE PROCESS — REAL PROPERTY — TAKING — JUST COMPENSATION.

The value of a property interest does not measure the scope of the constitutional protection against a taking without just compensation and a deprivation of property without due process; the existence of an interest in property is not influenced by its size or dollar value (US Const, Am XIV; Const 1963, art 1, § 17).

2. CONSTITUTIONAL LAW — DUE PROCESS — REAL PROPERTY — TAX SALES — REDEMPTION — NOTICE.

The provision in MCL 211.131e; MSA 7.190(3) that limits the notice requirement regarding the redemption period applicable to those lands deeded to the state pursuant to MCL 211.67a; MSA 7.112(1) to owners of property with a state equalized valuation of more than $1,000 violates the Due Process Clause and is unconstitutional (US Const, Am XIV; Const 1963, art 1, § 17).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Thomas J. Emery,* Assistant in Charge, and *Kevin T. Smith,* Assistant Attorney General, for the Department of Natural Resources.

*Campbell, Keenan, Harry, Cooney & Karlstrom* (by *Stuart B. Cooney*), for Brandon Township.

*Philip E. Hodgman,* for Alan and Leo Tomkow.

Before: FITZGERALD, P.J., and MARILYN KELLY and G. N. BASHARA, JR.,* JJ.

MARILYN KELLY, J. Defendants Alan Tomkow and Leo Tomkow appeal as of right from a grant of summary disposition quieting title in plaintiff, Brandon Township. The Township cross-appeals from the judge's ruling that MCL 211.131e; MSA 7.190(3) is constitutional, naming both the Tomkows and the Michigan Department of Natural Resources (DNR) as cross-appellees. We affirm the judge's decision to quiet title in Brandon Township on the basis that the notice requirement of the statute violates due process and is unconstitutional.

I

The facts and history of this case are complicated. The property involved borders Lake Louise. A portion of it contains a dam which is the principal support for the lake and a wetland. It was originally part of a subdivision known as Belle-Anne Falls Subdivision.

A

Before 1953, the Chernick family owned the property. In 1953, the Chernicks transferred it to BAF Estates, in which they were the primary shareholders. In 1964, BAF Estates transferred it back to the Chernick family. In 1972, the Chernicks, doing business as the Detroit Construction Company, transferred it to the Glass Land Holding Company (Glass Land). Throughout the entire pe-

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

riod involved here, Glass Land was the record title owner of the property.

The Chernick family, BAF Estates, the Detroit Construction Company and Glass Land all shared the same address. While it is not completely clear from the record or briefs, these companies and the Chernicks apparently held and developed various properties.

Beginning in 1979, the Oakland County Treasurer's Office sent notices of property tax delinquency on the Lake Louise property. They were mailed to the correct address but directed to BAF Estates rather than Glass Land. In 1980, the Treasurer's Office sent a notice to BAF that the property would be sold at a tax sale. It sent a special redemption notice to BAF in December, 1981, and a final notice in August, 1982.

Before the final notice was mailed, Brandon Township and the Chernicks entered into a consent judgment in which they agreed to divide the property into two parcels. Parcel B contained the Lake Louise dam. Parcel A was a vacant lot subject to an easement for access to an adjacent dam. Each parcel was assigned a state equalized evaluation (SEV) for tax purposes of less than $1,000.

The property taxes on the land were not paid. Notice of a tax sale was again sent to the Chernicks doing business as Detroit Construction Company and to BAF Estates. No notice was sent to Glass Land. Members of the Chernick family paid taxes on parcel A for the year 1979. Either by error or oversight, and to further complicate the matter, parcel A continued to be listed by the Oakland County Treasurer as part of the original property. Consequently, when taxes on it again became delinquent, no notices were sent to any of the Chernicks' companies. Parcel B was deeded to

the state due to unpaid taxes in 1982, parcel A in 1984.

The two parcels were subsequently declared surplus property by the Department of Natural Resources (DNR). In 1987, the Tomkows purchased both parcels from the state through the DNR. In 1990, the Tomkows obtained Glass Land's rights to parcel A by a quit claim deed which was never recorded.

In 1990, the state informed the Tomkows that the dam on parcel B required significant repair and ordered them to make the repairs. When they failed to do so, the water level in Lake Louise fell, exposing mud and muck on other lakefront properties. These were apparently both unsightly and unsafe.

Brandon Township condemned the parcel B property with the intention of building a new dam on the site and restoring Lake Louise to its previous level. Although the Tomkows appealed from the taking, it was upheld by the Court of Appeals in 1991.

B

The Tomkows and Brandon Township were unable to reach an agreement on an appropriate amount due them as compensation for the taking. While the Tomkows and Brandon Township were negotiating the amount, the Chernicks and Glass Land sold their redemption rights in both parcels to Brandon Township.

The Township then sought to quiet title in itself. It argued that, since Glass Land had received no notice of the 1983 tax sale, its rights of redemption were still valid. Moreover, it had purchased those rights from Glass Land and all related parties. The Township apparently sought to quiet title in itself

to forestall the Tomkows from claiming any right to compensation for the taking. Brandon Township moved for summary disposition.

The judge found that notice of the original tax sale of parcel B was inadequate. He concluded that Glass Land still held an unextinquished right of redemption at the time of the condemnation and thereafter. The judge mentioned that the SEV for parcel A was less than $1,000 and notice of the tax sale was not required. The judge concluded that Glass Land had validly transferred the right of redemption to Brandon Township.

Plaintiff moved for clarification of the ruling as it pertained to parcel A, and defendant moved for reconsideration. The judge held an evidentiary hearing to determine how the SEV of each parcel had been determined. It was significant, because MCL 211.131e; MSA 7.190(3) extends the redemption period on lands deeded to the state until owners of a significant property interest have been notified. However, the statute requires notice to property holders only if the property has an SEV of more than $1,000. The notice issue was apparently pivotal to whether Glass Land retained the redemption rights which it purported to transfer to Brandon Township by quit claim deed.

The judge first found that MCL 211.131e; MSA 7.190(3) was constitutional. He held that, since the state had received information that the parcel was valued at more than $1000, it had failed to satisfy the statutory notice provision for both parcels. Therefore, Glass Land retained redemption rights following the tax sale and was free to transfer them to the Township.

Since the transfer had already occurred, the Township had redemption rights to both parcels at the time it and the Tomkows were negotiating the compensation award. As a consequence of the

judge's ruling, the Tomkows were not entitled to compensation for parcel A or B.

## II

Plaintiff, in its cross appeal, challenges the constitutionality of the notice requirement of MCL 211.131e; MSA 7.190(3) on due process grounds.

We believe that plaintiff's arguments are correct and find that the notice requirement of MCL 211.131e; MSA 7.190(3) is unconstitutional. On this basis, we affirm the judge's resolution of the dispute between the Tomkows and Brandon Township in favor of the Township.

### A

In 1976, our Supreme Court issued *Dow v Michigan,* 396 Mich 192; 240 NW2d 450 (1976). *Dow* was an action to quiet title in which our Supreme Court found a tax sale defective. It ruled that the state had failed to give the titleholder and the land contract purchasers adequate notice of the tax foreclosure proceeding. The state had relied on newspaper notice. Our Supreme Court found this to be a violation of the Due Process Clauses of the federal and state constitutions. US Const, Am XIV; Const 1963, art 1, § 17. In reaching its conclusion, the *Dow* Court wrote:

> We hold that the Due Process Clause requires that an owner of a significant interest in property be given proper notice and an opportunity for a hearing at which he or she may contest the state's claim that it may take the property for nonpayment of taxes and that newspaper publication is not constitutionally adequate notice. [*Dow,* p 196.]

The Court concluded that the owner of real

property is entitled to claim the protection of the Due Process Clause with respect to the assessment and collection of taxes. It found that both the title holder and the land contract purchaser had a significant interest in property within the meaning of the Due Process Clause. *Id.,* p 204. Before they could be deprived of their property interests, the Constitution required that they be afforded an opportunity to be heard "at a meaningful time and in a meaningful manner"; they must be given notice in a manner reasonably calculated to apprise them of that opportunity. *Id.,* pp 206-207.

Apparently in response to *Dow,* the Michigan Legislature enacted MCL 211.131e; MSA 7.190(3). It provides in part:

> (1) The redemption period on those lands deeded to the state pursuant to section 67a that have a state equalized valuation of $1,000.00 or more shall be extended until owners of a significant property interest in the lands have been notified of a hearing before the department of treasury. Proof of notice to those persons and notice of the hearing shall be recorded with the register of deeds in the county in which the property is located. [MCL 211.131e; MSA 7.190(3).]

B

In the case before us, when the property was divided into two parcels in 1982, each was assigned an SEV of less than $1,000. Consequently, pursuant to MCL 211.131e; MSA 7.190(3), the state was not required to, nor did it, give Glass Land notice of the tax sale of the parcels.

MCL 211.131e; MSA 7.190(3), as written, limits due process protection to landowners who hold property valued over a specific monetary amount.

However, the value of a property interest does not measure the scope of the constitutional protection against a taking without just compensation and a deprivation of property without due process. *Hodel v Irving,* 481 US 704, 726; 107 S Ct 2076; 95 L Ed 2d 668 (1987). Moreover, the Michigan Supreme Court has not viewed a property's value as a basis for limiting notification of those with a significant interest in it. Rather, it has concluded that the constitutional requirements of due process do not depend upon a balancing of the importance of the interest or the nature of the subsequent proceedings. *Dow,* p 205, citing *Bd of Regents v Roth,* 408 US 564; 92 S Ct 2701; 33 L Ed 2d 548 (1972).

Our conclusion that a specific dollar amount may not be used to trigger the notice requirement of MCL 211.131e; MSA 7.190(3) is also supported by a decision of our Court, *Flint v Takacs,* 181 Mich App 732; 449 NW2d 699 (1989). There, the state acquired land after a tax sale. It notified the two major land holders of a hearing before the sale, pursuant to MCL 211.131e; MSA 7.190(3). However, it did not notify a number of tenants in common whose interests amounted to less than two percent of the value of the parcel. We held that failure to notify the tenants in common rendered notice inadequate, because the due process concerns raised in *Dow* were equally applicable to the facts of the case. *Flint,* p 738. The Court considered the *Dow* court's acceptance of the view that the important factor is not the relative size or dollar value of an owner's interest; it is the creation by state law of a legitimate claim of expectation to that interest. *Id.,* p 739.

While the SEV of the property in *Flint* exceeded the dollar amount requirement of MCL 211.131e; MSA 7.190(3), we believe the same due process

considerations apply to the property interests at issue here. The existence of an interest in property is not influenced by its size or dollar value. Even though the sevs of the parcels under consideration here were less than $1,000, Glass Land had a legitimate interest in the land. The provision in MCL 211.131e; MSA 7.190(3) which limits the notice requirement to owners of property with sevs of more than $1,000 violates the Due Process Clause and is unconstitutional.

Glass Land, as the last grantee in the chain of title according to the Register of Deeds, was entitled to notice of the proceedings involving the property. This is true regardless of the value of its interest. Moreover, our Court has repeatedly held that strict compliance with the tax sale notice provisions is required. *Stein v Hemminger,* 165 Mich App 678, 682; 419 NW2d 50 (1988); *Richard v Ryno,* 158 Mich App 513, 516; 405 NW2d 184 (1987). Actual notice is not enough to satisfy the statute's notice requirements.

Consequently, the notice requirements of MCL 211.131e; MSA 7.190(3) were not satisfied by other mailings to the various companies which shared the address used by Glass Land. Nor were they satisfied by other events which may have served to give Glass Land actual notice of the tax sale.

Glass Land's right of redemption survived the change in title resulting from the original tax sale, the deeding to the state and the subsequent sale to the Tomkows. Moreover, as in *Flint,* the right of redemption survived the change in title effected by the condemnation proceeding. However, since title to the property was vested in the state following the proceeding, the right of redemption attached solely to the compensation award. Glass Land was free to sell or give those rights to any party it

chose, to the exclusion of the grantees under the DNR deed. Brandon Township may exercise the redemption rights which Glass Land assigned to it.

Affirmed.