573 N.W.2d 296 (1997)
226 Mich. App. 245
Earl D. SMITH and Suzanne C. Smith, Plaintiffs-Appellees,
v.
CLIFFS ON THE BAY CONDOMINIUM ASSOCIATION, Defendant-Appellant.
Docket No. 199498.
Court of Appeals of Michigan.
Submitted October 15, 1997, at Detroit.
Decided October 31, 1997, at 9:10 a.m.
Released for Publication February 10, 1998.
*297 Reach & Hollenshead by Ian James Reach, Ann Arbor, for plaintiffs-appellees.
Meisner & Associates, P.C. by Robert M. Meisner, Bingham, for defendant-appellant.
Before SAAD, P.J., and O'CONNELL and M.J. MATUZAK[*], JJ.
O'CONNELL, Judge.
Plaintiffs and defendant each claimed ownership of a particular piece of property. Plaintiffs filed suit to quiet title, seeking a declaration that they were the sole owners of the property. Defendant counterclaimed, seeking a declaration that it was the sole owner of the property. The circuit court granted plaintiffs' motion for summary disposition with respect to the complaint and simultaneously dismissed defendant's counterclaim. Defendant now appeals as of right. With respect to the complaint, we reverse the order of the court granting summary disposition in favor of plaintiffs and, pursuant to MCR 2.116(I)(2), grant summary disposition in favor of defendant. With respect to the counterclaim, we vacate the dismissal.
In July 1972, defendant recorded a deed for a large parcel of land that is now the site of defendant's condominium project. In October 1973, defendant received by quitclaim deed a smaller, adjacent parcel of land, this parcel being the object of the present controversy.
Defendant, apparently, dutifully paid the property taxes assessed with respect to the *298 large parcel. However, defendant maintained below that it was not aware of the conveyance of the small parcel until many years later, believing this property to be part of the overall condominium project. Accordingly, defendant presumed that taxes paid on the large parcel also covered the small parcel. Although separate taxes had been assessed against the small parcel, defendant had received no separate tax notices and admittedly submitted no separate payment with respect to the taxes assessed against this distinct parcel. Consequently, the small parcel was deeded to the state in 1981 pursuant to § 67a of the General Property Tax Act, M.C.L. § 211.67a; M.S.A. § 7.112(1).
Defendant raised no objection to the proceedings that resulted in the state taking title or to the proceedings that followed that resulted in the plaintiffs taking title because defendant had never been notified that any proceeding had been initiated. In March 1982, the Michigan Department of Treasury attempted to notify defendant by certified mail that a hearing concerning the small parcel would be conducted in the near future. The Department of Treasury sent this notice of hearing to its last known address of record. However, defendant, a corporation, had changed addresses several times during the intervening years, submitting its new address on each occasion to the Corporation and Securities Bureau. The notice of hearing was returned by the post office as "Not Deliverable as Addressed." The Department of Treasury took no further measure in attempting to contact defendant, but did record the notice with the Washtenaw County Register of Deeds.
In 1987, the state conveyed the small parcel to plaintiffs. By 1991, defendant had become aware of the confusion surrounding the small parcel, and soon filed an affidavit of interest in the small parcel. In 1996, plaintiffs commenced the present action, seeking a declaration that they were the true owners of the small parcel. Defendant counterclaimed, seeking an identical declaration in its own favor. Upon plaintiffs' motion for summary disposition, the circuit court concluded that the statutory notice requirements had been satisfied because the notice of hearing had been sent by certified mail to defendant's last known address and had been recorded with the register of deeds. Accordingly, the court granted summary disposition in favor of plaintiffs pursuant to MCR 2.116(C)(10) and dismissed defendant's counterclaim. Defendant now appeals as of right. Our review is de novo. Pinckney Community Schools v. Continental Casualty Co., 213 Mich.App. 521, 525, 540 N.W.2d 748 (1995).
Defendant argues that the trial court erred in granting summary disposition in favor of plaintiffs where defendant had no actual notice of taxes due and where the notice of hearing regarding the disposition of defendant's property was sent to an outdated address.
The Due Process Clause, U.S. Const., Am. XIV; Const. 1963, art. 1, § 17, requires that an owner of a significant interest in property be given "proper notice" and an opportunity for a hearing before the state may take the property for nonpayment of taxes. Dow v. Michigan, 396 Mich. 192,196, 240 N.W.2d 450 (1976). Defendant, as legal titleholder to the property, undoubtedly had a significant interest in the property within the meaning of the Due Process Clause. As such, defendant was entitled to receive proper notice of the sale of the property in question.
The notice requirements for tax lien foreclosures in Michigan are set forth in the General Property Tax Act. M.C.L. § 211.1 et seq., M.S.A. § 7.1 et seq.[1] Proceedings to foreclose a tax lien are commenced when a petition is filed with the circuit court for the county in which the delinquent tax land is situated. M.C.L. § 211.61; M.S.A. § 7.105. Notice must be sent to each person who, according to the county treasurer of each county in which a *299 petition is filed, has an interest in the land. M.C.L. § 211.61a(1); M.S.A. § 7.106(1). The county treasurer shall mail the notice "by first-class mail, address correction requested, to each person, directed to his or her last known post office address with postage fully prepaid," at least thirty days prior to the sale. M.C.L. § 211.61a(2); M.S.A. § 7.106(2). If the notice is forwarded or returned as undeliverable, the county treasurer must send to the street address of the parcel of property a notice indicating that the property will be sold. M.C.L. § 211.61b(3)(b); M.S.A. § 7.106(1)(3)(b). While failure of actual notice does not necessarily invalidate tax sale proceedings, M.C.L. § 211.61a(5); M.S.A. § 7.106(5), the state must exert reasonable efforts to provide notice. Dow, supra at 211, 240 N.W.2d 450.
Notice of delinquent taxes and notice by publication are not sufficient to satisfy due process requirements. Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 799-800, 103 S.Ct. 2706, 2711-12, 77 L.Ed.2d 180 (1983). Instead, notice by mail "or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of any party ... if its name and address are reasonably ascertainable." Id. at 800, 103 S.Ct. at 2712. In Dow, supra at 205-206, 240 N.W.2d 450, quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950), the Court held that "`[a]n elementary and fundamental requirement of due process in the proceeding which is to be accorded finality is notice reasonably calculated, under all of the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"The Court determined that notice by mail is adequate if "directed at an address reasonably calculated to reach the person entitled to notice." Dow, supra at 211, 240 N.W.2d 450. The Court noted: "Such would be the efforts one desirous of actually informing another might reasonably employ. If the state exerts reasonable efforts, then failure to effectuate actual notice would not preclude foreclosure of the statutory lien and indefeasible vesting of title on expiration of the redemption period." Id.
In the present case, defendant did not receive notice sufficient to satisfy due process concerns. Plaintiffs do not contend that defendant received actual notice, but assert that the attempts to notify defendant of the pending proceedings were sufficient. However, it would be reasonable to expect a county, upon the return of a tax bill as undeliverable, to take some meaningful effort to obtain the correct address of the property owner. Consolidated Rail Corp v. Michigan, 976 F.Supp. 1085 (W.D.Mich., 1996), citing City of Grand Rapids v. Green, 187 Mich.App. 131, 136-137, 466 N.W.2d 388 (1991). Here, no attempt whatsoever was made to ascertain the current address of defendant upon the return of the notice of hearing. Obviously, such inaction is not characteristic of "one desirous of actually informing another." Dow, supra at 211, 240 N.W.2d 450. Further, this inaction is rendered more indefensible by the fact that defendant is a corporation required to maintain its current address with the Corporation and Securities Bureau.
Therefore, because defendant did not receive adequate notice of the pending proceeding, the order granting summary disposition in favor of plaintiffs with respect to the complaint must be set aside. In addition, in light of the above, we conclude that summary disposition in favor of defendant was warranted in this context pursuant to MCR 2.116(C)(10) and (I)(2). As a matter of law, plaintiffs are not entitled to the relief they seek. With respect to defendant's counterclaim, we vacate the order of the circuit court dismissing the counterclaim, an order that was premised on its disposition of the complaint. Defendant will be free to move for summary disposition pursuant to MCR 2.116(C)(10) with respect to its counterclaim.
Defendant also claims on appeal that the trial court erred because the notice of hearing contained an erroneous description of the property and therefore was defective. Because *300 we conclude that the notices of hearing and redemption were deficient, we do not need to address this question.
Defendant's final issue on appeal concerns whether the trial court erred in relying on the equitable doctrine of laches as one of the reasons for granting plaintiffs' motion for partial summary disposition. The trial court apparently felt that defendant was at fault for failing to redeem its interest in the subject property within the five-year statutory limitation period under M.C.L. § 211.98; M.S.A. § 7.151.[2] This determination, however, ignores the fact that if the notice was insufficient, the transfer of title to the state is void. Section 211.131e(1) of the General Property Tax Act, M.C.L. § 211.131e(1); M.S.A. § 7.190(3)(1), provides that the "redemption period on property deeded to the state ... shall be extended until the owners of a recorded property interest in the property have been notified of a hearing before the department of treasury." If the state fails to provide proper notice, an owner's "right of redemption survive [s] the change in title resulting from the original tax sale, the deeding to the state and the subsequent sale" to a third party. Brandon Twp. v. Tomkow, 211 Mich.App. 275, 284, 535 N.W.2d 268 (1995). Because we conclude that defendant did not receive proper notice of its right to a hearing or its right to redeem, the doctrine of laches does not apply.
Reversed in part and vacated in part.
NOTES
[*] Circuit judge, sitting on the Court of Appeals by assignment.
[1] The act was amended in 1976 to heighten the requirements in regard to the notice that must be given to persons with an interest in property to be sold at a tax sale. The amendments were enacted in response to the Supreme Court's pronouncement in Dow, supra. See Brandon Twp. v. Tomkow, 211 Mich.App. 275, 282, 535 N.W.2d 268 (1995).
[2] The court merely hinted at the concept of laches, noting that "after this very, very late date suddenly now someone wants to come in and claim that they have the right to redeem."