DETROIT LEASING COMPANY v CITY OF DETROIT

Docket No. 261006. Submitted September 7, 2005, at Detroit. Decided December 13, 2005, at 9:20 a.m.

Detroit Leasing Company brought an action in the Wayne Circuit Court against the city of Detroit, seeking, pursuant to MCL 211.79a, to quiet title to allegedly abandoned real property for which the plaintiff held a tax deed. The court, Cynthia D. Stephens, J., granted summary disposition for the defendant and denied summary disposition for the plaintiff, concluding that the plaintiff failed to comply with MCL 211.79a and that the land was not abandoned. The plaintiff appealed.

The Court of Appeals *held*:

1. The circuit court correctly denied the plaintiff's motion for summary disposition and granted the defendant's motion for summary disposition. Strict compliance with the requirements of MCL 211.79a is required. For an affidavit to be valid, it must be a written or printed declaration or statement of facts, made voluntarily, and confirmed by the oath or affirmation of the party making it, taken before a person having authority to administer such an oath or affirmation. The document from the Wayne County Treasurer submitted to the circuit court by the plaintiff was not notarized, so it was not sufficient to satisfy MCL 211.79a(1)(f)(iv). A later, notarized affidavit submitted on appeal cannot expand the record in this case.

2. The circuit court correctly determined that the land was not abandoned. MCL 211.79a(4)(d) provides that a property will not be determined to be abandoned if a party with a legal interest in the property, at a time before the judgment of foreclosure is entered, supplies an affidavit stating its intention to occupy the property. The defendant filed such an affidavit. The plaintiff questioned the fairness of the statute, but the wisdom of the statute is a determination for the Legislature. The statute allows a party with an interest in the property a final opportunity to demonstrate that the property is not abandoned, thereby avoiding foreclosure before a judgment is entered.

Affirmed.

1. TAXATION — REAL PROPERTY — ABANDONED PROPERTY — COUNTY TREASURER'S AFFIDAVIT — STRICT COMPLIANCE.

The statutory requirements for a tax deed holder's action to quiet title to abandoned property must be strictly complied with; an affidavit from the county treasurer certifying the lack of payment within the redemption period must be notarized (MCL 211.79a[1][f][iv]).

2. TAXATION — REAL PROPERTY — ABANDONED PROPERTY — AFFIDAVIT OF OCCUPANCY.

A parcel of real property involved in a tax deed holder's quite title action will not be determined by the court to be abandoned if a party with a legal interest in the property, before the judgment of tax foreclosure was entered, supplied an affidavit stating its intention to occupy the property; this allows a party with an interest in the property a final opportunity to demonstrate that the property is not abandoned, thereby avoiding foreclosure before a judgment is entered (MCL 211.79a[4][d]).

*Brad B. Aldrich, PLLC* (by *Brad B. Aldrich*), for the plaintiff.

*Ruth C. Carter*, Corporation Counsel, and *Joanne D. Stafford*, Supervising Assistant Corporation Counsel, for the defendant.

Before: HOEKSTRA, P.J., and GAGE and WILDER, JJ.

PER CURIAM. Plaintiff appeals as of right an order denying its motion for summary disposition and granting summary disposition in favor of defendant in this quiet title action. We affirm.

Plaintiff argues that the trial court erred by denying its motion for summary disposition based on plaintiff's failure to comply with MCL 211.79a, and erred further by granting defendant's motion for summary disposition on the basis of the court's holding that the property was not "abandoned." We disagree.

The trial court based its ruling on MCR 2.116(C)(10). We review de novo the trial court's decision regarding summary disposition. *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 62; 642 NW2d 663 (2002). This case involves questions of statutory interpretation, which are also reviewed de novo. *Id.* A motion for summary disposition under MCR 2.116(C)(10) tests the factual support of a plaintiff's claim. *MacDonald v PKT, Inc*, 464 Mich 322, 332; 628 NW2d 33 (2001). "In reviewing a motion for summary disposition brought under MCR 2.116(C)(10), we consider the affidavits, pleadings, depositions, admissions, or any other documentary evidence submitted in [the] light most favorable to the nonmoving party to decide whether a genuine issue of material fact exists." *Singer v American States Ins*, 245 Mich App 370, 374; 631 NW2d 34 (2001). Summary disposition is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *MacDonald, supra* at 332.

Plaintiff's argument, that it complied with MCL 211.79a, is without merit. An action to quiet title to abandoned property is governed by MCL 211.79a. Taken together, MCL 211.79a(1) and MCL 211.79a(4) require a tax deed holder to perform numerous steps in order to obtain quiet title to abandoned property, one of which is providing the circuit court with "[a]n affidavit from the county treasurer certifying to [sic] the lack of payment within the 90-day redemption period." MCL 211.79a(1)(f)(iv). Here, plaintiff attempted to satisfy this requirement by attaching to its complaint a document entitled "Wayne County Treasurer Certificate of Forfeiture of Real Property," dated April 15, 2002, and signed by "Raymond J. Wojtowicz, Wayne County Treasurer." The document was not notarized. Defendant argues that the certificate does not constitute a valid affidavit sufficient to satisfy MCL 211.79a(1)(f)(iv).

This Court's interpretation of MCL 211.79a is an issue of first impression. However, this Court interpreted a similar section of the statute, MCL 211.140, in *Equivest Ltd Partnership v Foster*, 253 Mich App 450, 454; 656 NW2d 369 (2002). In *Equivest Ltd Partnership*, this Court concluded that " 'strict compliance with the tax sale notice provisions [of MCL 211.140] is required,' " and that " '[a]ctual notice is not enough to satisfy the statute's notice requirements' " " 'because[, in part,] the effect of proceedings under the tax law is to divest the true owners of their title to property . . . .' " *Id.* at 454-455, quoting *Brandon Twp v Tomkow*, 211 Mich App 275, 284; 535 NW2d 268 (1995), and *Andre v Fink*, 180 Mich App 403, 407-408; 447 NW2d 808 (1989). This Court further noted that "within the realm of tax sales of real property, strict compliance with statutory requirements is an overriding policy." *Equivest Ltd Partnership* at 457, citing *Andre, supra* at 407-408. We adopt this reasoning and hold that strict compliance with MCL 211.79a is also required.

For a document to constitute a "valid affidavit," it must be: "(1) a written or printed declaration or statement of facts, (2) made voluntarily, and (3) confirmed by the oath or affirmation of the party making it, taken before a person having authority to administer such oath or affirmation." *Holmes v Michigan Capital Medical Ctr*, 242 Mich App 703, 711; 620 NW2d 319 (2000). Thus, pursuant to *Holmes*, a document that is not notarized is not a "valid affidavit." Here, the certificate at issue was not notarized. Therefore, it was not an affidavit sufficient to satisfy MCL 211.79a(1)(f)(iv).

Plaintiff, for the first time on appeal, attaches a notarized "Wayne County Treasurer Affidavit of Non-Payment of Taxes," dated March 2, 2005, and signed by a supervisor at the Wayne County Treasurer's office.

Plaintiff's attempt to provide the requisite affidavit for the first time to this Court constitutes an expansion of the record, and a party may not expand the record on appeal. *Sherman v Sea Ray Boats, Inc*, 251 Mich App 41, 56; 649 NW2d 783 (2002). Moreover, plaintiff fails to cite any legal authority in support of its argument in this respect. Although plaintiff, without analysis or citation of legal authority, argues that "manifest injustice" would result if this Court refuses to consider the affidavit, "[a] party may not simply announce a position and leave it to this Court to discover and rationalize the basis for the party's claim." *Conlin v Scio Twp*, 262 Mich App 379, 384; 686 NW2d 16 (2004). The trial court correctly denied plaintiff's motion for summary disposition and granted defendant's motion for summary disposition. MCR 2.116(C)(10).

Plaintiff's argument that the trial court erred by granting defendant's motion for summary disposition also fails. Plaintiff argues that MCL 211.79a(4)(d) provides defendant with an "escape clause" that is unfair to tax deed holders. Specifically, plaintiff challenges the fairness of this section's provision that allows parties with an interest in the property to stop the foreclosure process through the simple use of an affidavit showing that the property is not abandoned.

Defendant contends that this argument is not preserved for appeal because plaintiff did not raise the argument in the trial court and the trial court did not decide the issue. Generally, to preserve an issue for appellate review, the issue must be raised before and decided by the trial court. *Fast Air, Inc v Knight*, 235 Mich App 541, 549; 599 NW2d 489 (1999). Defendant correctly observes that plaintiff did not make this argument in the trial court and that the trial court did not decide the issue. However, this Court may disregard

the preservation requirement for issues of law where all necessary facts have been presented. *Steward v Panek*, 251 Mich App 546, 554; 652 NW2d 232 (2002). The interpretation of a statute is a question of law. *Eggleston v Bio-Medical Applications of Detroit, Inc*, 468 Mich 29, 32; 658 NW2d 139 (2003). Further, all the necessary facts have been presented because this Court need only examine the procedural steps taken by the parties pursuant to MCL 211.79a, which are well documented in the record before this Court. Thus, we will review this issue.

The plain language of the MCL 211.79a(4) provides that property will not be deemed "abandoned" if a party with a legal interest in the property, before the judgment of foreclosure is entered, provides an affidavit stating its intention to occupy the property. That section provides, in pertinent parts:

> (4) For purposes of this section, property shall be considered abandoned if all of the following requirements are satisfied:
>
> * * *
>
> (d) The owner or any person with a legal interest in the abandoned property, before the judgment of foreclosure is entered, does not give a written affidavit to the tax deed holder and record a duplicate original in the office of the register of deeds of the county in which the abandoned property is located stating that the owner or person with a legal interest in the abandoned property is occupying or intends to occupy the abandoned property. [MCL 211.79a.]

In this case, defendant provided an affidavit under this subsection that was recorded with the register of deeds and that stated defendant's intention to occupy the property for the upcoming expansion of City Airport. Therefore, the property cannot be deemed "abandoned"

under MCL 211.79a(4)(d) as a matter of law. Plaintiff's claim fails as a matter of law under the clear wording of the statute.

Plaintiff challenges the fairness of this provision to tax deed holders. The courts are not empowered to rework the statute; rather, it is our responsibility to interpret the statute as written. *Elezovic v Ford Motor Co*, 472 Mich 408, 425; 697 NW2d 851 (2005). The wisdom of a statute is for the determination of the Legislature and the law must be enforced as written. *Smith v Cliffs on the Bay Condo Ass'n*, 463 Mich 420, 430; 617 NW2d 536 (2000). A court may not inquire into the knowledge, motives, or methods of the Legislature, *Fowler v Doan*, 261 Mich App 595, 599; 683 NW2d 682 (2004), and may not impose a construction of a statute that is based on a policy decision different from that chosen by the Legislature, *Robertson v DaimlerChrysler Corp*, 465 Mich 732, 752; 641 NW2d 567 (2002).

Plaintiff further argues that the time frames set forth in MCL 211.79a(4)(d) are contradictory to the time frames and the intent of MCL 211.79a(1). We disagree. MCL 211.79a(1)(f) provides that "if the abandoned property is not redeemed . . . within 90 days of service of the notice," the party with a tax deed interest may "bring an action in the circuit court . . . ." MCL 211.79a(4)(d) provides that a party with an interest in the property may provide an affidavit anytime "before the judgment of foreclosure is entered . . . ." Rather than conflicting with MCL 211.79a(1)(f), MCL 211.79a(4)(d) instead simply provides defendant a final opportunity to demonstrate that the property is not abandoned, thereby avoiding foreclosure before a judgment is entered. The trial court correctly granted summary disposition in defendant's favor. MCR 2.116(C)(10).

Affirmed.