# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN FAGAN,

      Plaintiff-Appellant,

v

UZNIS FAMILY LIMITED PARTNERSHIP,

      Defendant-Appellee.

UNPUBLISHED
June 29, 2017

No. 331695
Oakland Circuit Court
LC No. 2015-145068-NO

Before: SAWYER, P.J., and SERVITTO and RIORDAN, JJ.

PER CURIAM.

In this premises liability action, plaintiff appeals as of right the trial court order granting summary disposition in favor of defendant pursuant to MCR 2.116(C)(8) and (10). Because plaintiff failed to establish that he was defendant's tenant or that defendant had notice of the alleged dangerous condition, we affirm.

On or around February 18, 2014, at approximately 9:30 p.m., plaintiff drove his car to defendant's clubhouse to pay the rent on his apartment. He initially walked on the sidewalk without incident, but as he walked back toward his car, he slipped on a patch of ice on the sidewalk, falling and incurring serious injuries. Plaintiff initiated this case against defendant as the owner/operator/manager of the premises where he fell, alleging negligence and a violation of defendant's statutory duties. Defendant moved for summary disposition contending that it had no knowledge of the ice and/or that the condition was open and obvious such that plaintiff's premises liability claim failed. Defendant further asserted that neither of the statutory violations alleged by plaintiff applied to the circumstances at hand. The trial court agreed, granting defendant's motion and dismissing plaintiff's complaint. This appeal followed.

This Court reviews de novo a circuit court's summary disposition ruling. *Dalley v Dykema Gossett*, 287 Mich App 296, 304–05; 788 NW2d 679 (2010). Summary disposition under MCR 2.116(C)(8) is appropriate if "[t]he opposing party has failed to state a claim on which relief can be granted." *Id.* A motion brought under subrule (C)(8) tests the legal sufficiency of the complaint solely on the basis of the pleadings. *Corley v Detroit Bd of Ed*, 470 Mich 274, 277; 681 NW2d 342 (2004).

When reviewing a motion brought under subrule (C)(10), this Court must examine the substantively admissible documentary evidence presented to the trial court and, drawing all reasonable inferences in favor of the nonmoving party, determine whether a genuine issue of

-1-

material fact exists to warrant a trial. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

Plaintiff first contends that the trial court erred in finding that there was no lease between plaintiff and defendant and that plaintiff's landlord-tenant claim based upon MCL 554.139 thus failed as a matter of law. We disagree.

A landlord has statutory duties to his tenants. These are set forth, in relevant part, in MCL 554.139 as follows:

> (1) In every lease or license of residential premises, the lessor or licensor covenants:
> (a) That the premises and all common areas are fit for the use intended by the parties.
> (b) To keep the premises in reasonable repair during the term of the lease or license, and to comply with the applicable health and safety laws of the state and of the local unit of government where the premises are located, except when the disrepair or violation of the applicable health or safety laws has been caused by the tenants willful or irresponsible conduct or lack of conduct.

"The covenants created by the statute establish duties of a lessor or licensor of residential property to the lessee or licensee of the residential property, most typically of a landlord to a tenant. By the terms of the statute, the duties exist between the contracting parties." *Mullen v Zerfas*, 480 Mich 989, 990; 742 NW2d 114 (2007).

When construing a statute, the primary goal is to give effect to the intent of the Legislature, and the first step is to review the language of the statute. *Benton v Dart Properties, Inc*, 270 Mich App 437, 442; 715 NW2d 335 (2006). Words shall be construed according to their common meanings and, if the language of the statute is unambiguous, the Legislature is presumed to have intended the meaning it plainly expressed, leaving no permission for further judicial construction. *Id*.

The trial judge found that plaintiff's claim based upon a violation of MCL 554.139 fails as a matter of law because plaintiff "has not established that he was defendant's tenant. The statutory protection under MCL 554.139(1) arises from the existence of a residential lease and consequently becomes a statutorily mandated term of such lease." A review of the record before the trial court leads this Court to conclude the same.

In his complaint, plaintiff alleged that defendant "d/b/a Greenhill Apartments" owned and operated the rental premises located at 22225 Green Hill Road in Farmington Hills. Plaintiff alleged that while walking on the common area of that premises he slipped and fell, incurring injuries. Plaintiff further alleged that defendant violated statutory and common laws duties, claiming negligence and citing MCL 554.139 and MCL 125.536. Noticeably absent from the complaint, however, is an allegation that plaintiff was a tenant of defendant's or resided in an

apartment in a complex owned by defendant. Plaintiff did not attach a copy of a lease to the complaint. In order for MCL 554.139 to apply, defendant must have been the lessor or licensor of residential property of which plaintiff was a licensee or lessee. There is no allegation in the complaint that this relationship existed.

In its summary disposition motion, defendant asserted that plaintiff was not a tenant of defendant's apartment complex but was, instead, the tenant of a neighboring complex. In response, plaintiff asserted that defendant owned both of the Green Hill apartment complexes. In support of this assertion, plaintiff relates the testimony of John Uznis, manager of the Green Hill apartment complex. Uznis testified:

Q:     The Green Hill Apartment complex, are we at the clubhouse leasing center for the Green Hill Apartments in this building?

A:     You are in a model of the leasing center, a model apartment.

Q:     Out front there is a little drop box where it's like a little gold flip door where people can throw their rent checks in there, right?

A:     Yes.

Q:     Is that part of the Green Hill leasing center?

A:     Yes.

Q:     That is part of the Green Hill Apartment complex, right?

A:     Yes.

Q:     Are there separate complexes within this whole massive complex in here, like one of them may be green Hill and another is Green something or other apartments?

A:     Yes.

Q:     Can you give me the names of the entities that are associated with this whole giant complex?

A:     The first 17 buildings are what we call Green Hill Apartments. Building 17 through 57 are called Green Hill 2.

Q:     Green Hill 2, a separate corporate entity?

A:     Yes.

According to Uznis, then, the two complexes were owned by two separate corporate entities. Nowhere is it established which complex plaintiff resided in. While plaintiff attached a copy of his lease to his appeal brief, this lease was not part of the lower court record. A party may not expand the record on appeal. *Detroit Leasing Co v City of Detroit*, 269 Mich App 233, 237; 713

NW2d 269 (2005). Based on the record before the trial court, summary disposition was appropriate concerning plaintiff's claim premised upon MCL 554.139.[1]

Plaintiff next argues that there was a genuine issue of material fact regarding whether defendant had actual or constructive notice of the dangerous condition such that summary disposition in defendant's favor was inappropriate. We disagree.

In a premises liability action, "liability arises solely from the defendant's duty as an owner, possessor, or occupier of land." *Jahnke v Allen*, 308 Mich App 472, 475; 865 NW2d 49 (2014). With regard to invitees:

> [A] landowner owes a duty to use reasonable care to protect invitees from unreasonable risks of harm posed by dangerous conditions on the owner's land. Michigan law provides liability for a breach of this duty of ordinary care when the premises possessor knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect. [*Hoffner v Lanctoe*, 492 Mich 450, 460; 821 NW2d 88 (2012).]

A premises owner's notice of a dangerous condition may be shown by actual knowledge of the condition or when the condition "is of such a character or has existed a sufficient length of time that he should have had knowledge of it." *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 10; 890 NW2d 344 (2016) (quotation omitted). However, a defendant is not required to present evidence of "a routine or reasonable inspection" to prove a premises owner's lack of constructive notice of a dangerous condition on its property. *Id*. "[I]n order to obtain summary disposition under MCR 2.116(C)(10), [a] defendant [i]s not required to present proof that it lacked notice of the hazardous condition, but need[] only to show that plaintiff presented insufficient proof to establish the notice element of her claim." *Id*. at 3.

Notably, in his complaint, plaintiff alleged that the incident at issue occurred "on or about March 10, 2014." At his deposition, however, plaintiff admitted that he was unsure if that was the actual date of the incident. Plaintiff testified that he was approximating when he filed his complaint and that "all I know it's probably between the 3rd and—for some reason I said the 10th because I think it may have been late but I don't know." Based on plaintiff's testimony, it is impossible to determine whether defendant's had notice of the ice and plaintiff's assertion that defendant had actual or constructive notice of the same fails. Defendant cannot be expected to have notice of a condition on an unspecified date.

---

[1] While MCR 2.116(I)(5) allows for the amendment of pleadings if the grounds for summary disposition are based upon MCR 2.116(C)(8) and (10), plaintiff did not orally request or move the trial court for an amendment of his pleadings.

Even if we use plaintiff's originally provided date of March 10, 2014, plaintiff's claim of actual or constructive notice still fails. According to plaintiff, on the day of his fall it had been snowing early in the day and piles of snow were everywhere. Plaintiff had no idea how much it had snowed on the day of his fall and does not know what the temperature was, other than it was cold. Plaintiff testified that there was no snow on the sidewalk when he went to pay his rent and that the sidewalk was just damp, but there was snow and ice on the sidewalk by his apartment. According to plaintiff, he walked on the sidewalk without any problem and dropped his rent into a slot on the building. He then turned to walk back to his car. As he stepped back onto the sidewalk from a step leading up to the building, he immediately slipped and fell on a patch of black ice about the size of a basketball. Plaintiff could see the ice only as he laid on it after his fall. Plaintiff testified that he had no idea how long the ice had been there and that he could not see it from a standing position. He could not recall seeing ice accumulate in that area before. Plaintiff testified that he had no knowledge of what snow removal activities were performed that day at the apartment complex and does not know of anyone who has complained about snow and ice removal or of the existence of snow or ice at the complex. Plaintiff never filed an incident report with the complex regarding the slip and fall.

As to actual notice, plaintiff did not see the ice until he was lying on top of it. He affirmatively testified that he did not see if from a standing position, although he specifically watches where he walks due to his existing difficulties with walking and his use of a cane. There is no testimony that anyone had complained to defendant about ice existing on the sidewalk on the date of plaintiff's fall, or on prior dates.

Plaintiff also failed to establish that defendant had constructive notice of the ice, i.e., that the ice was "of such a character or has existed a sufficient length of time that [defendant] should have had knowledge of it." *Lowrey*, 500 Mich at 10. Plaintiff testified that he was unaware how long the ice had been there and presented no evidence indicating the length of time the patch of ice had been present. Moreover, plaintiff described the ice as "black ice" indicating that he could not see it from a standing position thereby suggesting that the ice was of such a character that defendant would not have had notice of it. The trial court properly granted summary disposition in defendant's favor based upon plaintiff's failure to support an essential element of his claim-defendant's notice of the hazardous condition. *Id*. at 12.

Affirmed.

/s/ David H. Sawyer
/s/ Deborah A. Servitto
/s/ Michael J. Riordan

-5-